35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas K. ALEXANDER, Defendant-Appellant.
 No. 93-30412.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Sept. 14, 1994.
 
 1
 Before: KOZINSKI and FERNANDEZ, Circuit Judges, and REAL,** United States District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant appeals the denial of his motion to suppress after a conditional plea to Count 2 of an indictment charging possession with intent to distribute cocaine.
 
 
 4
 On February 18, 1993 a confidential informant purchased a quantity of cocaine from one Vernon Anderson (ANDERSON). The transaction was corroborated by searches and surveillance of the confidential informant to and from the sale.
 
 
 5
 During this transaction, officers followed ANDERSON to a residence at 1216 North Locust Avenue. ANDERSON had advised the confidential informant that he was going to his source to pick up the drugs. ANDERSON returned to where he had left the confidential informant, took him to his home and delivered the cocaine.
 
 
 6
 Based on the surveillance and a prior successful controlled purchase of cocaine by the confidential informant from ANDERSON, detectives from the Spokane County Sheriff's Office requested and received a search warrant to search the 1216 North Locust Avenue location.
 
 
 7
 Defendant complains that the warrant was obtained without probable cause particularly because the affidavit for the warrant had failed to disclose to the Magistrate that the confidential informant had a previous record of forgery convictions and was facing a forgery prosecution at the time.
 
 
 8
 The trial court denied the motion to suppress. We affirm.
 
 
 9
 The surveillance of the officers and the previous successful controlled purchase was sufficient probable cause to issue the warrant. Common sense leads to the almost inevitable conclusion that defendant's house was the source of the drugs. The prior record of the confidential informant neither added to nor subtracted from this conclusion.
 
 
 10
 Defendant had requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). With such obvious facts no Franks hearing was necessary.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3